UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
UNITED STATES OF AMERICA            )
                                    )
         v.                         )    CRIMINAL NO. 05-MJ-01076-JGD
                                    )
FRANCOISE NGELE BUNDU               )
                                    )
         Defendant                  )
_____)

# GOVERNMENT'S OBJECTION TO COURT'S ORDER ON DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO RECONSIDER

### Introduction

The United States of America hereby objects to the Court's Order dated January 26, 2007, dismissing with prejudice the complaint in this matter, and requests that Order be vacated. In support, the government contends, respectfully, that the Court lacked the authority under either 28 U.S.C. §636(a) or the Local Rules for U.S. Magistrate Judges in the U.S. District Court for the District of Massachusetts (the "Local Rules") to enter an Order dismissing the complaint. Alternatively, the government moves that the Court reconsider its Order that the dismissal be with, rather than without, prejudice.

### Argument

#### The Court lacks the Authority to Dismiss the Complaint.

The duties and powers of the magistrate judges are promulgated at 28 U.S.C. § 636(a). That statute provides in pertinent part that a magistrate has:

> (1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts;

>	(2) the power to administer oaths and affirmations, issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial, and take acknowledgements, affidavits, and depositions;
>
>	(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;
>
>	(4) the power to enter a sentence for a petty offense; and
>
>	(5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.

See 28 U.S.C. §636(a). Local Rules 1 essentially adopts and tracks 28 U.S.C. §636(a).

Facially, nothing in 28 U.S.C. §636(a) would appear to authorize a magistrate judge to preside over and enter an Order regarding a dispositive motion such as the motion to dismiss in this case. Under 28 U.S.C. §636(b)(1)(A), however, a district judge may, except in limited cases, designate a magistrate judge to "hear and determine any pretrial matter pending before the court..."[1] Under 28 U.S.C. §§636(b)(1)(B) and (C), the district judge may also designate a

---

[1] 28 U.S.C. §§ 636(b)(1)(A)-(C) provides as follows:

(b)(1) Notwithstanding any provision of law to the contrary--

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of
(continued...)

magistrate judge to conduct hearings, including evidentiary hearings, on pretrial matters.  The statute does not authorize the magistrate to rule on such a motion, however; rather, the magistrate must submit "to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court..."  Similarly, Local Rule 3(a) authorizes a magistrate judge to preside over several types of dispositive pre-trial motions, including "pretrial matters as are dispositive of a claim or a defense."  Again, though, and similar to the limitations contained in 28 U.S.C. §636(b), Local Rule 3(a) states that the magistrate judge may act only "upon a specific referral by the district judge assigned to the case," and provides that the magistrate judge will submit to a district judge "proposed findings of fact and recommendations" rather than issue a ruling or order.

      Applied here, the Court should not have entered an Order dismissing the complaint because the defendant's dispositive motion was not referred to the Court in the first instance by a district judge.  Even if it had been, 28 U.S.C. §636 and Local Rules 1-3 would authorize the Court only to submit proposed findings of fact and recommendations regarding the disposition of the case to the district judge, but do not authorize the Court to dispose of the case itself.

---

[1](...continued)
applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.  Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Accordingly, the Order should be vacated and the motion should, if referred anew to the Court or another magistrate, be evaluated in accordance with the procedures established by 28 U.S.C. §636 and Local Rules 1-3.

<u>Alternatively, the Court Should Reconsider it's Order Dismissing *with* Prejudice.</u>. Alternatively, the government respectfully urges the Court to reconsider its Order dismissing the complaint with prejudice rather than without prejudice. Although the government does not dispute any of the Court's findings, the government contends that the facts, when viewed by a totality of the circumstances, militate in favor of dismissal without prejudice.

**Conclusion**

For the foregoing reasons, should the Court determine there has been a violation of the Speedy Trial Act, the Court should dismiss the case without prejudice.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:

                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL
                                        Assistant U.S. Attorney
                                        (617) 748-3100