UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | ) ) ) |
| | ) |
| v. | )     Docket No.: 05-01076-JGD |
| | ) |
| FRANCOISE NGELE BUNDU,<br>    Defendant. | ) ) ) |

_____)

## AFFIDAVIT OF JOHN P. PULEO

Now comes John P. Puleo, and hereby states the following to be true upon my belief, and for those matters not within my personal knowledge, I believe them to be true:

1)  I am an attorney duly licensed to practice law in the United States District Court for the District of Massachusetts and the state courts in Massachusetts.

2)  I was original counsel of record for the Defendant in the above-captioned action.  I filed a Notice of Appearance on or about April 13, 2005.

3)  I have received and reviewed the letter that the Defendant sent to this court dated February 5, 2007.  The letter's contents regarding statements which the Defendant attributed to me regarding her execution of the Assignment of Bail are not true.  I did not inform the Defendant that I would no longer help her on the case unless she executed the assignment.  Neither did I inform her that she would be indicted in the coming days if I did not receive my legal fee.

4)  The Defendant's execution of the Assignment of Bail form was free and knowing and voluntary.

5)  There existed at the time of the Defendant's execution of the Assignment of Bail form no facts which would interfere or compromise in any way the legal efficacy of said form.

6)  In fact, over the course of my representation of the Defendant, it was she and her family who repeatedly suggested that they assign the cash bail to me as payment for legal services already rendered.   I was resistant to the suggestion, and so informed my client and her family on numerous occasions, but ultimately acquiesced to their suggestion and mailed the Assignment of Bail form to my client for her execution, which she returned, executed, also via mail, on or about December 14, 2005.

7)  The Defendant's initial appearance in this Court was on April 13, 2005, at which time this Court ordered the Defendant temporarily detained pending a probable cause and detention hearing, which was scheduled by agreement for April 25, 2005.

8)  The probable cause and detention hearing took place over three days, April 25, 26, and 27, 2005.  This Court found probable cause on April 26, 2005, and on April 27, 2005, this Court set forth the several conditions of the Defendant's release from custody, one of which was the posting of $25,000 cash as security for the Defendant's appearance bond.

9)  The Defendant's family, who live overseas, sent to me, via an electronic wire transfer of funds, the $25,000 to secure the Defendant's release.

10) On May 3, 2005, in order to secure my client's release from custody, I deposited the $25,000 cash bail as security for the bond as ordered by this Court.  See Exhibit A, Affidavit of Owner of Cash Deposit and Receipt.

11) Pursuant to a condition of release as set by this Court, on May 9, 2005, and again on May 16, 2005, as ordered by the Middlesex Probate Court, I escorted the Defendant to and from the Middlesex Probate Court where I represented the Defendant at a hearing on the custody of the children.

12) I also attended another custody hearing in Middlesex Probate Court on May 23, 2005.

2

13) Over the next several months, in coordination with the orders of the Middlesex Probate Court and then with the Defendant's probate attorney, I filed several motions to modify the conditions of the Defendant's release, all of which were allowed by this Court.

14) Throughout my representation of the Defendant after her release from custody, my primary goal was to prevent her from being indicted by the Government.  To that end, I had countless conversations with Assistant United States Attorney Donald Cabell.  I obtained, organized, and presented to AUSA Cabell numerous documents and information from various sources, including but not limited to the Defendant and her family (both in the Congo as well as in Belgium), the Middlesex Probate Court, the Defendant's health care providers, Interpol, the State Department, the Congolese courts, the Defendant's Congolese attorneys, the American Embassy in Kinshasa, INS, and the Defendant's probate and immigration attorneys.

15) On or about December 12, 2005, the Defendant Francoise Ngele Bundu, on behalf of herself and her family, specifically including Raoul Ky-Maka, executed an Assignment of Bail in favor of the undersigned, in partial payment of legal services rendered.  See Exhibit B, Assignment of Bail.

16) After learning that the Defendant had secured other counsel, I coordinated with successor counsel to transfer the complete file to him, and spent a complete afternoon at his office with the Defendant to ensure an effective and smooth transfer of representation.

17) After successor counsel had filed his appearance, I filed a Notice of Withdrawal on or about March 28, 2006.

Signed under the pains and penalties or perjury this 14th day of March, 2007.


____/s/___ John P. Puleo
John P. Puleo

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. _05-MG-1076-JGD_

FRANCOISE BUNDU

## AFFIDAVIT OF OWNER OF CASH DEPOSIT

I, _John Puleo_, on oath say that I reside at _Howard Rewden PC Boston_ zip code _02199_ and
that the $ _25,000_ cash deposited as security on the foregoing bond is owned by me and is to be returned
to me at the above address or other location so designated by me upon exoneration of this bond. I understand that
if the defendant violates <u>any</u> of the conditions of release the deposit may be forfeited. A request for return of security
should be made in writing after the conclusion of all proceedings. Funds not claimed within five (5) years after the
conclusion of the case will be forwarded to the U.S. Treasury.
Sworn to and subscribed before me.

_____          _____
Deputy Clerk                            Signature of Owner of Cash Deposit

_05/03/05_
Date

*<u>NOTE</u>: Deposit will be in a non-interest bearing account unless otherwise ordered pursuant to Local Rule 67.2(c)

## PROCEDURES FOR RETURN OF CASH DEPOSIT

1.    Call (617) 748-9134 or write the Court's Accounting Office at the conclusion of the case.

           Clerk, U.S. District Court - Suite 2300
           John Joseph Moakley United States Courthouse
           1 Courthouse Way
           Boston, MA   02210
           Attention:  Accounting Office

2.    If a cash deposit is to be returned to someone other than the original depositor, the assignment of bail
      section below should be completed, notarized and returned to the Accounting Office.

3.    A refund in the form of a U.S. Treasury check should be available within five (5) working days after receipt of
      a request for refund. It will be mailed via registered mail to the address indicated on the receipt or may be
      picked up by the owner at the Clerk's Office.  Photo identification will be required.

## ASSIGNMENT OF BAIL

I, _____, do hereby assign all my interest and ownership of the above bond to the following
person:_____.

Notary Seal                                 _____
                                            Address

                                            _____

                                            _____
                                            Signature of Owner of Cash Deposit

_____               _____
Signature of Notary                         Date

(Bail Affidavit.wpd - 04/01)                                        [kaff.]

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>FRANCOISE NGELE BUNDU,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 05-01076-JGD |

## **ASSIGNMENT OF BAIL**

I, Francoise Ngele Bundu, on behalf of myself and my family, specifically including Raoul Ky-Maka, do hereby assign any and all of our interest and ownership in the $25,000.00 cash bail deposited in the above-referenced case to my attorney, John P. Puleo, in partial payment of legal services rendered.

Francoise Ngele Bundu
1 Kimball Court, Apt #503
Woburn, MA 01801

12/12/05
date